### In re MUSTIN.

(District Court, N. D. Alabama, S. D. December 1, 1908.)

BANKRUPTCY (§ 391*)—ACTIONS AGAINST BANKRUPT—STAY—VIOLATION OF ORDER.

Jurisdiction is given to a court of bankruptcy by the bankruptcy act to stay proceedings in an action against a bankrupt on a provable debt pending the bankruptcy proceedings, and on an application for such a restraining order the court has power to determine whether the claim sued on is provable, and its determination is conclusive, unless appealed from. A creditor so enjoined, who has not appealed, is subject to punishment for contempt for violation of the order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649, 653; Dec. Dig. § 391.*]

In Bankruptcy. On petition and rule nisi for contempt.

D. D. Trimble, for bankrupt.
M. W. Washington, for respondent.

HUNDLEY, District Judge (orally). This matter comes on to be heard upon the petition of the bankrupt and rule nisi issued to W. C. McCarty to appear and show cause why he should not be punished for contempt for violating the order of the referee made in the above matter, and why a certain suit begun by W. C. McCarty in the inferior court of Birmingham should not be stayed until the matter of the final discharge of the bankrupt arose or until the further orders of the court. The facts, as presented to the court, are as follows:

On September 7th Henry Mustin filed his petition in bankruptcy in the United States District Court for the Southern Division of the ·Northern District of Alabama, and was duly adjudged a bankrupt on the same day by N. L. Steele, one of the referees for this district. Among his list of liabilities he scheduled one W. C. McCarty, who was notified of said adjudication of Henry Mustin. On October 14th W. C. McCarty filed suit against Henry Mustin, the bankrupt, on the debt scheduled in bankruptcy, and on October 15th the referee issued rule nisi to W. C. McCarty to appear before him and show cause why said suit should not be stayed until the question of the bankrupt's discharge arose. W. C. McCarty appeared and set up as an answer to the rule that the claim proceeded on was one from which a discharge in bankruptcy would not be a release. After taking testimony and hearing argument of counsel, the referee made an order holding the answer insufficient and directing the release of the garnishment. No review was made or asked for by W. C. McCarty, as provided for by General Order No. 27 of the Supreme Court of the United States (18 Sup. Ct. viii). On October 30th W. C. McCarty proceeded to judgment in the inferior court of Birmingham against Henry Mustin, the bankrupt, on the claim scheduled in bankruptcy, and caused a writ of garnishment to issue to the employer of bankrupt, attaching his wages.

From the facts stated it is the opinion of the court that the said W. C. McCarty is in contempt of court in not obeying the order of the referee, made October 15, 1908, in which he was commanded to stay the proceedings commenced in the inferior court of Birmingham until the question of the bankrupt's discharge should arise or until the further orders of this court. Instead of obeying the order of the bankrupt court, W. C. McCarty proceeded to judgment on the theory that the bankrupt court had no jurisdiction to make such order. It was clearly the duty of W. C. McCarty to either review the order of the referee in the proper way or to obey the same. Disobedience is not the proper method of contesting the validity of the order of the bankrupt court. Jurisdiction is lawfully given to the bankruptcy court to stay proceedings pending bankruptcy upon claims which are provable. As jurisdiction is thus given to the bankruptcy court when application is made to it for a restraining order, under this power to determine whether the claim is thus provable an erroneous decision does not make void the judgment of the court.

The court, in passing upon applications under this section of the bankruptcy law, is given the right to determine the question of the provability of debts. ,This is necessarily so in the execution of the power conferred by the statute. In the administration of justice the courts of the United States by all proper means should endeavor to avoid conflict of jurisdiction with the state courts, and a similar obligation rests upon the latter in reference to matters committed by law to the jurisdiction of the former. In the enforcement of the powers conferred by the laws in bankrutpcy matters, so long as the bankruptcy court acts in the·matter within its powers, its jurisdiction is exclusive and supreme.

It is 'the judgment of the court that the said W. C. McCarty be, and he is hereby, ordered to pay a fine of $25, and it is further ordered that the said W. C. McCarty ·stand committed until. said fine is paid. It is further ordered that said W. C. McCarty do stay, or cause to be˙ stayed, the proceedings now pending in the inferior court of Birmingham, Ala., ,against Henry Mustin, the bankrupt, until the question of said bankrupt's discharge arises, or until the further orders of this court. It is further ordered that W. C. McCarty be, and he hereby is,. taxed with the costs of this hearing.